UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


STEVEN POSEY                                              CIVIL ACTION

VERSUS                                                    NO: 04-1751

BOUCHARD TRANSPORTATION                                   SECTION: "R"(3)
COMPANY, INC. AND B NO. 95
CORP., JOINTLY AND SEVERALLY


### ORDER AND REASONS

The defendants, Bouchard Transportation Company, Inc. and B No. 95 Corp., move for summary judgment on plaintiff's claim for cure. For the following reasons, the Court DENIES defendants' motion.

**I.   BACKGROUND**

Plaintiff Steven Posey alleges that he became ill or was injured in August 2001 while he was employed by defendants as a tankerman aboard the vessel Barge B No. 95. On August 10, 2001, plaintiff went to the emergency room at Underwood Memorial Hospital in Woodbury, New Jersey, complaining of shortness of

breath and an injury to his torso. He was diagnosed with a soft tissue injury and a mild case of pneumonia and released to return to work the same day. On September 1, 2001, plaintiff went to the Minden Medical Center in Minden, Louisiana, where he was diagnosed with pulmonary tuberculosis. Later that month, plaintiff was released from Minden Medical Center and returned to work. Defendants discharged plaintiff from their employ in October 2001. In November 2001, plaintiff sought treatment at Louisiana State University Health Sciences Center in Shreveport, Louisiana, where he was diagnosed with endocarditis and treated with antibiotics. On March 26, 2002, plaintiff returned to LSU Health Sciences Center and was diagnosed with infectious endocarditis of the tricuspid valve. On March 28, 2002, plaintiff underwent tricuspid valve replacement surgery.

   Plaintiff alleges that although he was not diagnosed with endocarditis until after his employment with defendants had ended, he actually suffered from the malady as early as August 2001, while he still worked for defendants. Plaintiff now seeks maintenance and cure from defendants under general maritime law. Specifically, plaintiff asserts that defendants are obligated to pay for medical expenses billed to him by LSU Health Sciences Center and Minden Medical Center totaling approximately $103,500. To date, plaintiff has not paid any of these expenses, and the

amounts billed remain outstanding.

**II.   DISCUSSION**

    **A.     Summary Judgment Standard**

Summary judgment is appropriate only when the pleadings and summary judgment evidence establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party has the burden of showing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to

evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**B.   Maintenance and Cure**

A seaman who is injured or becomes ill while in the service of his ship is entitled to the remedy of maintenance and cure from his employer. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-42 (1943); *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995). "Cure" is the seaman's right to necessary medical services, and a seaman may recover cure regardless of the cause of the seaman's injuries. *See Guevara*, 59 F.3d at 1499. A plaintiff who seeks to recover cure for medical expenses must ultimately prove, *inter alia*, the expenditures or liability incurred by him for medical care. *See In re Gulf South Marine Transp., Inc.*, No. Civ.A. 01-1755, 2002 WL 83643, at *3 (E.D. La. Jan. 17, 2002). In keeping with admiralty's traditional solicitude for seamen, however, "[t]his burden of proof . . . is light, and the Court resolves ambiguities and doubts in the seaman's favor." *Id*.

**C.   Analysis**

*1.   "Incurred" Expenses*

Defendants first argue that they are not obliged to pay cure because plaintiff has not incurred any medical expenses that are compensable as cure.  In response, plaintiff submitted evidence showing that he was billed for his medical treatment.  (*See* Pl. Mem. Ex. F, at 1 (sworn affidavit from counsel for LSU Health Sciences Center stating that "[t]he amount of $100,931.72 is due and owing by Mr. Posey to LSUHSC")).  Defendants nevertheless assert that plaintiff has not "incurred" those expenses because he has neither paid the medical bills, nor has he been "pursued" for nonpayment.

Defendants' argument is without merit.  Although defendants correctly state the general rule that a shipowner is not liable for cure payments if medical treatment was furnished at no cost to the seaman, that rule has no application here.  That plaintiff's medical bills remain unpaid does not mean that he is not responsible for, or has not incurred, compensable expenses. *See Barnes v. Andover Co.*, 900 F.2d 630, 641 (3d Cir. 1990) ("[A] seaman living with his family is entitled to maintenance if he shows that he paid his family for room and board *or that he had promised that he would and was obliged to do so*." (emphasis added)); *McCormick Shipping Corp. v. Duvalier*, 311 F.2d 933, 934

(5th Cir. 1963) (affirming maintenance award when "there was an expressed intention of the appellee to make payment and an expectation of her cousin to receive it").

Defendants further argue that plaintiff has not incurred medical expenses because claims against him for nonpayment have prescribed under Louisiana law. This argument also fails. A seaman may recover maintenance and cure for medical expenses that he has agreed to pay, even if the obligation to pay might not be legally enforceable. *See Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 588 (5th Cir. 2001) ("[W]hen the seaman has made 'an expressed intention' to pay . . . even if the obligation is not legally enforceable, the seaman may recover maintenance." (quoting *McCormick Shipping Corp.*, 311 F.2d at 934)). Thus, defendants are not entitled to summary judgment on this ground.

A contrary holding would permit an employer to refuse to make cure payments for unpaid medical bills unless and until the seaman was successfully sued for his failure to pay. This could force seamen to choose between foregoing medical treatment and living with unpaid obligations and the threat of litigation. Such a result would be at odds with the policies underlying the remedy of maintenance and cure. *See Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1090 (5th Cir. 1985) ("[T]he policy of protecting injured or ill seamen would be hampered if a

shipowner, in hopes of reducing his own liability, delayed maintenance and cure payments in order to force seamen to look first to their private insurer."); *see also Boudreaux v. U.S.*, 280 F.3d 461, 468 (5th Cir. 2002) ("The duty to provide cure encompasses not only the obligation to reimburse medical expenses actually incurred, but also to ensure that the seaman receives the proper treatment and care." (citing *Guevara*, 59 F.3d at 1500)).

    *2. Mitigation*

Defendants also argue that plaintiff is not entitled to recover medical cure because he failed to mitigate his damages. Defendants state that plaintiff was required to take advantage of free services if they were available, that LSU Health Sciences Center offers free health services to individuals in need, and that plaintiff "presumably" qualified for free services at LSU because he was unemployed at the time he sought treatment.

This argument is completely unsupported by any evidence, is contradicted by competent evidence, and it therefore fails to satisfy the standard for summary judgment.  First, defendants do not provide any evidence that LSU Health Services Center does, in fact, maintain a free care program.  Counsel's footnote reference to a telephone conversation with LSU does not rise to the level of summary judgment evidence.  Nor do defendants provide any

7

evidence concerning the scope of such a program or whether it would have covered the type of treatment that plaintiff received here.  Finally, defendants submit no evidence to show that plaintiff qualified for any such free services.  The conclusory assertion that plaintiff "presumably" qualified for free services because he was unemployed is plainly insufficient.  The only evidence before the Court on this issue is the affidavit of counsel to LSU Health Sciences Center, which states unequivocally that plaintiff did not qualify for free treatment and that the "amount of $100,931.72 is due and owing by Mr. Posey."  (*See* Pl. Mem. Ex. F, at 1).  Accordingly, defendants are not entitled to summary judgment.[1]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment on plaintiff's claim for cure.

New Orleans, Louisiana, this 28th day of July, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] Because defendants' argument fails for the reasons cited, the Court need not decide the legal issue of the scope of plaintiff's duty to mitigate cure damages.